# TAKEROOT JUSTICE

December 5, 2025

<u>VIA ECF</u>
Honorable Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:      Joint Letter Motion to Approve Settlement
          <u>Damian Chimbolema et al. v. Brooklyn Grid LLC et al.</u> Case No. 1:24-cv-2844 (SN)

Dear Chief Magistrate Judge Netburn:

TakeRoot Justice represents Plaintiffs in the above-referenced matter. Jointly with counsel for Defendants, we submit this application for approval of the Parties' settlement agreement pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015). The fully executed Settlement Agreement and Release (the "Agreement") is attached as Exhibit 1. The Parties respectfully request that the Court grant the instant motion in its entirety on the grounds that the settlement in this Fair Labor Standards Act ("FLSA") action represents a reasonable compromise of a bona fide dispute and a fair distribution of the settlement proceeds. Additionally, the parties respectfully request that the Court retain jurisdiction to enforce the terms of the Agreement, as set forth in Paragraph 13 of the Agreement.

Plaintiffs filed this FLSA collective action on April 15, 2024, alleging violations of federal and state labor laws, including unpaid wages, unpaid overtime, and related statutory violations. The parties exchanged sufficient discovery to evaluate the claims, engaged in negotiations, and reached a settlement after extensive discussion with Your Honor at the November 3, 2025 settlement conference.

Under <u>Cheeks</u>, a FLSA settlement may take effect only if the Court finds it fair and reasonable. Courts consider the totality of circumstances discussed in <u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), including the plaintiffs' range of possible recovery, the burdens and risks of continued litigation, and whether the settlement is the product of arm's-length negotiations free from fraud or collusion. Courts must also ensure that no term violates the <u>Cheeks</u> admonitions concerning confidentiality, overbroad releases, or unsupported attorneys' fees. <u>Cheeks</u>, 796 F.3d at 206 (citation omitted). The Court must also assess the reasonableness of the fee award. <u>Id.</u>

As discussed at the November 3, 2025 conference, in consideration for the limited release of Plaintiffs' wage claims, the Agreement requires Defendants to make an initial $50,000.00 payment by December 15, 2025, allocated among the Plaintiffs proportional to their alleged owed

123 William Street, #401 / 4th floor
New York, NY 10038
T: 212-810-6744
Law, research, and policy for organizing.

**TAKEROOTJUSTICE.ORG**

wages. Starting February 1, 2026, Defendants must then make monthly $15,000.00 payments, due on the first of each month, allocated among the Plaintiffs and TakeRoot Justice. After twelve (12) monthly payments, Defendants may elect to accelerate the payment schedule for a discount by making a $160,000.00 lump sum payment to satisfy their outstanding obligation, bringing the total settlement amount to $390,000.00. If they do not elect to accelerate payments after twelve (12) months, after eighteen monthly (18) payments, they will have a second opportunity to do so. After eighteen monthly payments, they may elect to satisfy their outstanding obligation for a discount by making a $90,000.00 lump sum payment, bringing the total settlement amount to $410,000.00. If Defendants do not use either accelerated payoff option, they must continue making monthly payments for twenty-six (26) months, for a total settlement amount of $440,000.00.

The settlement amount is a fair and reasonable compromise given the Parties' disagreements regarding Defendants' status as Plaintiffs' employers under federal and state law and the number of compensable hours Plaintiffs worked. It is also reasonable considering that Plaintiffs' estimated maximum damages are $1,184,082.48 and the Agreement provides a total settlement payment of between $390,000.00 and $440,000.00, representing approximately 33–37% of those maximum damages. See Redwood v. Cassway Contracting Corp., No. 16 Civ. 3502 (HBP), 2017 WL 4764486, at *2 (S.D.N.Y. Oct. 18, 2017) (net settlement of 29.1 percent of FLSA plaintiffs' total alleged damages is reasonable). This settlement provides Plaintiffs with a guaranteed monetary recovery now and spares both sides the delay, expense, and uncertainty of further litigation.

Additionally, the Agreement is the product of arms-length negotiations between experienced counsel with no possibility of fraud or collusion and the terms of the Agreement comply with the requirements of Cheeks. There is no confidentiality provision and the non-disparagement language includes an express carve-out permitting truthful statements about the litigation. Finally, the release is limited to the wage claims alleged in the Complaint.

Lastly, Plaintiffs' attorneys' fees, between $97,500.00 and $110,000.00, depending upon the satisfaction option selected by Defendants, represent twenty-five percent (25%) of the total respective settlement amounts and do not present any barrier to approval. "A one-third contingency fee is a commonly accepted fee in this Circuit." Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG) (VMS), 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014). Moreover, the attorneys' fee amount is less than the lodestar amount calculated. Counsel's hourly rates of $300.00 for Linden Miller and $285.00 for Samantha Wilhelm fall within the range routinely approved in this District. See Silva v. Legend Upper W. LLC, 590 F. Supp. 3d 657, 664 (S.D.N.Y. 2022). Ms. Miller and Ms. Wilhelm are Senior Staff Attorneys who were admitted to practice law in New York in 2017 and 2021, respectively.[1] Francisco Tecaxco-Munoz has been a paralegal and translator at TakeRoot Justice since 2021. Sarah Southey was a second-year law student at CUNY School of law and an intern at TakeRoot Justice from February 2025 through August 2025. The hourly rate for both Mr. Tecaxco-Munoz and Ms. Southey is $125.00, which is within the range

---

[1] Ms. Miller was previously awarded an hourly rate of $275.00 in the case Sahadeo v. Schwarzwalder, No. 24-CV-01889 (BMC) (E.D.N.Y. 2024), and Ms. Wilhelm was recently awarded an hourly rate of $285.00, the same rate requested herein, in Green v. Brown, No. 23-CV-08532 (SLT) (E.D.N.Y. 2025).

2

123 William Street, #401 / 4th floor
New York, NY 10038
T: 212-810-6744
Law, research, and policy for organizing.

**TAKEROOTJUSTICE.ORG**

commonly approved in this District for non-attorney time. <u>See</u> <u>Hong v. Mommy's Jamaican Market Corp.</u>, No. 20 Civ. 9612 (LJL), 2024 WL 1242507, at *6 (S.D.N.Y. Mar. 21, 2024) citing <u>Barzilay v. City of New York</u>, No. 20 Civ 4452 (SDA), 2023 WL 2917304, at *3 (S.D.N.Y. Apr. 12, 2023) ("$125 hourly fee 'for law students and paralegals' is 'in line with rates recently awarded in this District'"). Contemporaneous billing records, attached as Exhibit 2, show that counsel reasonably expended 444.35 hours on litigation activities including group and individual client meetings, investigation, preparation of court filings, discovery requests and responses, analysis of document discovery, communications with the Defendants' counsel, settlement negotiations, and preparation of the Agreement. The resulting lodestar of $120,415.25 exceeds the fee request, confirming that the fees are reasonable under <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 522 F.3d 182 (2d Cir. 2008).

For all of the foregoing reasons, the parties respectfully request that the Court approve the Agreement.

Respectfully submitted,

*/s/ Linden Miller*
Linden Miller
Samantha Wilhelm
TakeRoot Justice
123 Williams St., 4th Floor
New York, NY 10038
Telephone: (908) 251-9748
*Attorney for Plaintiffs*

cc: All Counsel of Record, via ECF

3

123 William Street, #401 / 4th floor
New York, NY 10038
T: 212-810-6744
Law, research, and policy for organizing.

**TAKEROOTJUSTICE.ORG**